## Richmond.

EMMONS AND WIFE v. PIDCOCK AND OTHERS.

APRIL 23, 1896.

1. INJUNCTIONS—*Motion to Dissolve—Continuance.*—Motions to dissolve or
   continue injunctions are within the sound legal discretion of the
   court. But as courts of equity are always open to grant preliminary
   injunctions, or to reinstate them when improperly dissolved, applica-
   tions to continue motions for dissolution are not received with favor,
   and a continuance will only be granted upon a showing of the great-
   est necessity.

Appeal from a decree of the Circuit Court of Culpeper
County, pronounced June 10, 1894, in a suit in chancery,
wherein the appellants were the complainants, and the ap-
pellees were the defendants.

*Affirmed.*

The opinion states the case.

*Rixey & Barbour,* and *J. C. Gibson,* for the appellants.

*Hay & Jeffries,* and *R. B. Lewis,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This case is before this court on an appeal from a decree
dissolving an injunction awarded the appellant on the 16th
day of April, 1894.

The only error assigned is that the Circuit Court re-
fused to continue the cause on the motion of appellant, and

dissolved the injunction. The notice was given May 21, 1894, that the motion to dissolve the injunction would be made June 5, 1894.

The motion to continue is supported by an affidavit of appellant setting forth that immediately upon receiving notice that the motion to dissolve would be made, he had endeavored to see his counsel, but found them absent from home, attending to other business, and that they did not return in time for him to secure the affidavits of certain witnesses who were temporarily absent from the State, and that he thought these affidavits were material. It does not appear why appellant failed to secure the desired affidavits between the time the injunction was granted and the notice to dissolve was given. During this time he did nothing, showing no disposition to prepare his case, until informed of appellees purpose to ask for a dissolution.

Questions concerning the continuance of motions for the dissolution of injunctions may be regarded as subject to the exercise of a sound legal discretion; but, since courts of equity are regarded as being always open for the granting of preliminary injunctions, or to reinstate them after being improperly dissolved, an application to continue a motion for a dissolution will not be received with favor, and the continuance will only be granted upon a showing of the very gravest necessity. 2 High on Inj., sec. 1611 (3rd Ed.)

This court has said in *Radford's Ex'ors* v. *Innes's Ex'x*, 1 Hen. & M. p. 8, an opinion repeatedly and wisely cited, with approval, that the general rule is never to continue a motion for the dissolution of an injunction unless from some very great necessity, because the court is always open to grant an injunction whenever it shall appear proper to do so, and because too the plaintiff should always be ready to prove his bill. See also *Ingles* v. *Straus & als.* 91 Va. 209.

It appearing that this injunction was allowed long enough before the motion to dissolve was made for appellant to have

secured the affidavits referred to, if he had chosen to do so, the Circuit Court did right in refusing to grant the continuance. There is nothing in the record tending to prove the allegations of the bill, and the answers and accompanying affidavits filed by appellees make it clear that the injunction was properly dissolved.

For these reasons the appeal decreed from is affirmed.

*Affirmed.*